2016-2420

---

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

JACK LEON CLARKE,
Claimant-Appellant,

v.

DAVID J. SHULKIN,
Acting Secretary of Veterans Affairs,
Respondent-Appellee.

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 14-2699, Judge Bruce E. Kasold

---

CORRECTED BRIEF FOR RESPONDENT-APPELLEE

| | |
|---|---|
| | CHAD A. READLER |
| | Acting Assistant Attorney General |
| OF COUNSEL: | |
| | ROBERT E. KIRSCHMAN, JR. |
| | Director |
| Y. KEN LEE | MARTIN F. HOCKEY, JR. |
| Deputy Chief Counsel | Deputy Director |
| | ERIC J. SINGLEY |
| | Trial Attorney |
| SAMANTHA A. SYVERSON | Commercial Litigation Branch |
| Attorney | Civil Division |
| Department of Veterans Affairs | Department of Justice |
| 810 Vermont Avenue, NW | P.O. Box 480 |
| Washington, D.C. 20420 | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 616-1273 |
| | Email: Eric.J.Singley@usdoj.gov |
| February 28, 2017 | Attorneys for Respondent-Appellee |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... i

STATEMENT OF RELATED CASES ..................................................... iii

STATEMENT OF THE ISSUES ................................................................1

STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS .............2

   I.    Legal Background ..................................................................2

   II.    Mr. Clarke Suffers An Injury In Service That Resolved .....................6

   III.    Thirty-Five Years After Service, Mr. Clarke Injures Ankle And Subsequently Files A Claim ..................................................7

   IV.    Proceedings Before The Board .................................................7

   V.    The Veterans Court's Decision ...........................................10

SUMMARY OF THE ARGUMENT ......................................................12

ARGUMENT ........................................................................................13

   I.    Jurisdiction and Standard of Review.......................................13

   II.    Mr. Clarke Really Seeks Review of the Veterans Court's Determination That Service Connection Based on Chronicity Was Not Reasonably Raised And The Board's Determination That No Chronic Disability Was Shown During Service — Issues That Lie Outside of This Court's Jurisdiction ..................................................14

   III.    Mr. Clarke Fails To Demonstrate Any Reversible Legal Error By The Veterans Court ........................................................17

   IV.    The Veterans Court Did Not Violate The *Chenery* Doctrine .............20

CONCLUSION ....................................................................................28

# <u>TABLE OF AUTHORITIES</u>

**Page**

Cases

*Bonhomme v. Nicholson*,
  21 Vet. App. 40 (2007) .......................................................................20

*Byron v. Shinseki*,
  670 F.3d 1202 (Fed. Cir. 2012) ....................................................5, 25

*Fleshman v. West*,
  138 F.3d 1429 (Fed. Cir. 1998) ..........................................................24

*Griffin v. Shinseki*,
  494 Fed. App'x 76 (Fed. Cir. 2012) ...................................................16

*Hensley v. West*,
  212 F.3d 1255 (Fed. Cir. 2000) ................................................... 23, 25

*Hite v. Shinseki*,
  362 Fed. App'x 145 (Fed. Cir. 2010) .................................................16

*Jandreau v. Nicholson*,
  492 F.3d 1372 (Fed. Cir. 2007) ............................................................9

*Massie v. Shinseki*,
  25 Vet. App. 123 (2011) .......................................................................5

*Mayfield v. Nicholson*,
  444 F.3d 1328 (Fed. Cir. 2006) ................................................... 22, 23

*Newhouse v. Nicholson*,
  497 F.3d 1298 (Fed. Cir. 2007) ................................................... 19, 26

*Prenzler v. Derwinski*,
  928 F.2d 392 (Fed. Cir. 1991)............................................................14

*Robinson v. Mansfield*,
  21 Vet. App. 545 (2008) ............................................................ *passim*

Robinson v. Shinseki,
    557 F.3d 1355 (Fed. Cir. 2009) ................................................................ *passim*

*SEC v. Chenery Corp.*,
    318 U.S. 80 (1943) ............................................................................................21

*SEC v. Chenery Corp.*,
    332 U.S. 194 (1947) ................................................................................ 21, 26

*Smith v. Shinseki*,
    422 Fed. App'x 888 (Fed. Cir. 2011) ................................................................16

*Walker v. Shinseki*,
    708 F.3d 1331 (Fed. Cir. 2013) ................................................................ 2, 3, 4

*Washington v. McDonald*,
    575 Fed. App'x 892 (Fed. Cir. 2014) ................................................................16

Statutes
38 U.S.C. § 5108 ...................................................................................................20

38 U.S.C. § 7252 ................................................................................ 12, 20, 25

38 U.S.C. § 7261 ............................................................................................ 20, 25

38 U.S.C. § 7292 ................................................................................ 13, 14, 16

Rules
Fed. R. App. P. 43(c)(2) ...........................................................................................1

Regulations
38 C.F.R. § 3.303 ........................................................................................ *passim*

38 C.F.R. § 3.309 ...................................................................................................3

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5, respondent-appellee's counsel states that there are no appeals in or from this action that were previously before this Court.  Respondent-appellee's counsel is unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

**CORRECTED BRIEF FOR RESPONDENT-APPELLEE**
_____

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**
_____

**2016-2420**
_____

**JACK LEON CLARKE,**
                         **Claimant-Appellant,**

**v.**

**DAVID J. SHULKIN,**
                    **Secretary of Veterans Affairs,**
                    **Respondent-Appellee.** [1]
_____

## STATEMENT OF THE ISSUES

1.      Whether this Court lacks jurisdiction to entertain the appellant's

appeal challenging the United States Court of Appeals for Veterans Claims'

(Veterans Court) determination that an alternative theory of entitlement to service

connection was not reasonably raised before the Board of Veterans' Appeals

(board).

_____

[1]  Robert D. Snyder became Acting Secretary of Veterans Affairs on January
20, 2017.  Accordingly, the caption of this case reflects the Clerk of the Court's
substitution of Mr. Snyder pursuant to Fed. R. App. P. 43(c)(2).

2.      If this Court possesses jurisdiction, whether the appellant has demonstrated reversible legal error in the Veterans Court's decision, which determined, in light of the record, that the board did not err in not addressing a theory that was not reasonably raised.

## STATEMENT OF THE CASE
## <u>SETTING FORTH RELEVANT FACTS</u>

Claimant-appellant, Jack Leon Clarke, appeals the decision of the Veterans Court in *Jack Leon Clarke v. Robert A. McDonald, Secretary of Veterans Affairs*, No. 14-2699 (Vet. App. Mar. 4, 2016), *see* Appx4-8, affirming the May 9, 2014 decision of the board, Appx57-65, that denied service connection for residuals of a right ankle injury and residuals of a left great-toe injury.

## I.    <u>Legal Background</u>

There are various avenues by which a claimant can establish service connection.  Under 38 C.F.R. § 3.303(a), a veteran must show:  "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service – the so-called 'nexus' requirement."  *Walker v. Shinseki*, 708 F.3d 1331, 1333 (Fed. Cir. 2013).

For specific chronic diseases, including arthritis, 38 C.F.R. § 3.303(b)

provides "an alternative route to service connection." *Id.* at 1340; 38 C.F.R.

§ 3.309(a). Section 3.303(b) provides two avenues for establishing service

connection – chronicity and continuity of symptomatology. If "a chronic disease is

*shown in service* (or within the presumptive period under [38 C.F.R.] § 3.307),

then all subsequent manifestations of the same chronic disease at any later date,

however remote, are service connected, unless clearly attributable to intercurrent

causes." *Walker*, 708 F.3d at 1335 (emphasis added). In order for a chronic

disease to be "shown in service" there must be "a combination of manifestations

sufficient to identify the disease entity, and sufficient observation to establish

chronicity at the time . . . ." 38 C.F.R. § 3.303(b). "[T]he disease identity must be

established and the diagnosis not subject to legitimate question." *Walker*, 708 F.3d

at 1335. "[I]f a veteran can prove a chronic disease 'shown in service,' and there

are no intercurrent causes, . . . the veteran is relieved of the requirement to show a

causal relationship[, or nexus] between the condition in service and the condition

for which disability compensation is sought." *Id.* at 1335-36.

Where a condition noted during service, or during the presumptive period,

"is not, in fact, shown to be chronic or where the diagnosis of chronicity may be

legitimately questioned," 38 C.F.R. § 3.303(b), "then a showing of continuity of symptomatology after discharge is required to support a claim for disability compensation for the chronic disease," *Walker*, 708 F.3d at 1336.

When addressing a claim for service connection, "the [b]oard is not obligated to consider 'all possible' substantive theories of recovery." *Robinson v. Shinseki* (*Robinson II*), 557 F.3d 1355, 1361 (Fed. Cir. 2009), *aff'g Robinson v. Mansfield* (*Robinson I*), 21 Vet. App. 545 (2008). Rather, the board is obligated to consider theories that are reasonably raised either by a sympathetic reading of the claimant's filings or by the evidence of record. *Robinson I*, 21 Vet. App. at 552-53. The Veterans Court has jurisdiction to determine whether the board erred by failing to address a reasonably raised theory. *See, e.g.*, *Robinson II*, 557 F.3d at 1361 ("An allegation that the [b]oard failed to comply with its obligation to read filings liberally, may, of course, be raised for the first time on appeal to the Veterans Court."); *Robinson I*, 21 Vet. App. at 551 (explaining that separate theories in support of a claim for benefits for a particular disability do not equate to separate claims and that the court has jurisdiction to consider the argument that the board erred in failing to address a particular theory). If the Veterans Court determines that the board erred by failing to address a reasonably raised theory and

4

failed to make the relevant initial factual findings, the proper course will ordinarily be for the Veterans Court to remand the case to the board for further development and application of the correct law, unless the error is harmless. *See Byron v. Shinseki*, 670 F.3d 1202, 1205-06 (Fed. Cir. 2012). The Veterans Court may affirm, however, if it determines that the alternate theory was not reasonably raised by the record and the board therefore did not err by not addressing it. *See, e.g.*, *Massie v. Shinseki*, 25 Vet. App. 123, 134 (2011), *aff'd*, 724 F.3d 1324 (Fed. Cir. 2013); *Robinson I*, 21 Vet. App. at 556-58.[2]

---

[2] The Veterans Court also has discretion to remand, even in the absence of board error, if some other factor renders remand appropriate, such as an intervening change in law. *Robinson I*, 21 Vet. App. at 557 (citing 38 U.S.C. § 7252(a)). "However, [the Veterans Court's] power to find that a non-error remand is appropriate does not mean that an appellant is entitled to such a remand whenever he or she wishes the [b]oard to address an issue not originally discussed." *Robinson I*, 21 Vet. App. at 557.

## II.    **Mr. Clarke Suffers An Injury In Service That Resolved**

Mr. Clarke served in the Army National Guard from April 1967 to August 1967. Appx57. Mr. Clarke's service treatment records show that in July 1967 he injured his right ankle in a fall and later dropped a tripod on his left great toe. Appx61, Appx335-336. An orthopedic consultation was requested, and the consultation sheet includes the following:



Appx335. X-rays of the right ankle and left great toe were negative. Appx61, Appx335-36. Mr. Clarke was placed on two temporary medical profiles for a right ankle sprain. Appx338-340. At the time of his discharge examination in late July 1967 Mr. Clarke denied lameness, foot trouble, and problems with his joints. Appx61, Appx331. His feet and lower extremities were clinically evaluated as normal. Appx61, Appx328.

### III.   Thirty-Five Years After Service, Mr. Clarke Injures Ankle And Subsequently Files A Claim

In September 2002, Mr. Clarke fell and injured his right ankle.  Appx61, Appx275-280.  In November 2007, Mr. Clarke filed a claim for disability compensation for his right ankle and left toe.  Appx318-324.  In May 2008, a VA regional office denied Mr. Clarke's claims, explaining that, although he sprained his right ankle and dropped a tripod on his left foot in service, x-rays were negative, and "no permanent residual or chronic disability . . . is shown by the service medical records or demonstrated by evidence following service." Appx228-230.  Mr. Clarke filed a notice of disagreement.  Appx220.  A November 2008 statement of the case continued the denial of service connection, explaining that although Mr. Clarke contended that he suffered a fracture and arthritis during service, x-rays during service were negative and the injuries he was treated for during service resolved, as exams in July 1967 were normal.  Appx180.

### IV.   Proceedings Before The Board

Mr. Clarke appealed to the board.  Appx159.  In July 2012, the board remanded the case for a VA medical examination and opinion.  Appx119-122.  The VA examiner opined that Mr. Clarke's claimed conditions were less likely than not

7

incurred in or caused by the in-service injuries. Appx108. The examiner explained that service treatment records documented right ankle and left great toe injuries, but that x-rays at that time were negative. *Id.* The examiner found that there was no nexus between the ankle injury in 1967 and the injury in 2002 or the current right ankle condition 35 years after the in-service injury. *Id.* The examiner found that "[t]here is no chronicity or nexus to today['']s left great toe condition to that of 1967." *Id.* The examiner also observed that "[t]he degeneration in the left great toe is similar to that found in the right great toe (the uninjured toe in service)." *Id.*

In May 2014, the board denied entitlement to service connection for residuals of right ankle and left great toe injuries. Appx4. The board correctly summarized the law regarding service connection, explaining that service connection may be granted for a chronic disability shown as such during service, where continuity of symptomatology after service supports a finding of chronicity, or for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. Appx60 (citing 38 C.F.R. § 3.303(b), (d)). The board noted that service treatment records showed that Mr. Clarke was treated for right ankle and left great toe injuries in July 1967, that x-rays of the right ankle and

8

left great toe were negative, and that at the time of discharge examination in late July 1967 his feet and lower extremities were clinically evaluated as normal. Appx61. The board explained: "Although the [service treatment records] show that the [a]ppellant sustained right ankle and left great toe injuries in service[,] the probative evidence of record shows that these injuries resolved with no residual disability. The record shows no chronic right ankle or left great toe disability during service." Appx63.

Having found that there was no showing of a chronic right ankle or left great toe disability during service, the board examined whether there was evidence of continuity of symptomatology since service and found that there was not. Appx63-64. The board then explained that "[i]n the absence of credible evidence of onset of symptoms in service and continuity since, the question of whether any chronic right ankle and/or left great toe disability may somehow be related to remote service is a medical question beyond the scope of lay observation." Appx64 (citing *Jandreau v. Nicholson*, 492 F.3d 1372 (Fed. Cir. 2007) (whether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the board rather than a legal issue to be addressed by the Court)). The board concluded that the preponderance of the evidence was against

9

Mr. Clarke's claims, explaining that the VA examiner's opinion—the only competent medical evidence addressing the etiology of Mr. Clarke's claimed disabilities—was that there was no nexus between the current disabilities and the in-service injuries.  Appx64-65.

### V.    The Veterans Court's Decision

On appeal to the Veterans Court, Mr. Clarke argued, *inter alia*,[3] that the board erred by not applying or discussing possible service connection for the left great toe based on chronicity under 38 C.F.R. § 3.303(b).  Appx4.  Specifically, Mr. Clarke argued that the July 1967 orthopedic consultation request was an in-service diagnosis of arthritis and that the board was therefore required to discuss and apply 38 C.F.R. § 3.303(b) to find service connection for Mr. Clarke's left great toe.  Appx4-5, Appx32-33; *see also* Appx335.[4]

---

[3] Mr. Clarke also argued before the Veterans Court that the board failed to ensure substantial compliance with a prior board remand, that it provided inadequate reasons or bases, and that it failed to give sufficient weight to his and his family members' lay statements.  Appx4.  The Veterans Court affirmed on these issues, and they are not contested by Mr. Clarke on appeal to this Court.

[4] Before the Veterans Court, Mr. Clarke's argument regarding 38 C.F.R. § 3.303(b) was specific to his left great toe disability.  See Appx4, Appx31-33. Before this Court he seems to argue that section 3.303(b) should have been applied to both his right ankle and his left great toe.  See, e.g., App. Br. at 3.  This brief

The Veterans Court found that Mr. Clarke failed "to demonstrate Board error in not applying or specifically discussing an application of § 3.303(b)." Appx5 (citing, *inter alia*, *Robinson I*, 21 Vet. App. at 553 (board must consider all issues expressly raised by an appellant or reasonably raised by the record)). Addressing Mr. Clarke's characterization of the in-service orthopedic consultation, the Veterans Court explained that the same service treatment record "reflects that (1) the examiner was seeking an analysis because he was not sure whether Mr. Clarke had 'metatarsal proximal part arthritis,' as reflected by the question mark associated with the request, and (2) x-rays were negative." Appx5. The Veterans Court also observed that service treatment records reflect that Mr. Clarke suffered a sprain that resolved itself with no indication of arthritis, Mr. Clarke injured himself many years after leaving service, and the VA examiner opined that

_____

will address Mr. Clarke's argument generally, without distinguishing between the right ankle and left great toe injuries. We note, however, that the service treatment record Mr. Clarke relies upon to argue that he was diagnosed with arthritis in service appears to apply to his right ankle and pre-dates his in-service injury to his left great toe. Compare Appx335 (July 7, 1967 Consultation Sheet describing right ankle injury and negative x-ray) with Appx336 (July 13, 1967 treatment note describing left great toe injury and negative x-ray).

there was no nexus between his in-service injury and his current ankle condition.
*Id.*

Mr. Clarke sought reconsideration, arguing that the Veterans Court wrongly made factual findings in the first instance and affirmed the board's decision on grounds not considered by the board. Appx9-16. A panel of the Veterans Court granted the motion for panel decision and ordered that the single-judge memorandum decision remained the decision of the court. Appx2-3. Judge Kasold concurred, noting that "Mr. Clarke's contention that the single-judge decision is predicated on impermissible fact finding reflects his failure to appreciate that it is the Court's duty to evaluate whether the record supports his arguments regarding [b]oard error." Appx3 (citing 38 U.S.C. § 7252 ("Review in the Court shall be based on the record of proceedings before the Secretary and the Board.")). This appeal followed.

## SUMMARY OF THE ARGUMENT

Mr. Clarke's arguments before this Court reflect his continuing failure to appreciate the Veterans Court's role when evaluating an argument that the board erred by failing to address a theory of entitlement that was reasonably raised by the record. The Veterans Court did not base its decision on different grounds than the

board decision or engage in impermissible fact finding in the first instance. Rather, the Veterans Court appropriately addressed Mr. Clarke's argument that the board erred by allegedly failing to address a reasonably raised theory of entitlement, including by reviewing the record to determine whether it supported Mr. Clarke's allegation of error. To the extent Mr. Clarke disagrees with the Veterans Court's determination that entitlement to service connection under 38 C.F.R. § 3.303(b) was not reasonably raised by the record, he presents an issue outside of the jurisdiction of this Court. But even if this Court possesses jurisdiction, Mr. Clarke has not demonstrated reversible legal error in the Veterans Court's decision, which correctly determined, in light of the record, that the board did not err in not addressing a theory that was not reasonably raised.

## **ARGUMENT**

### I.   **Jurisdiction and Standard of Review**

Under 38 U.S.C. § 7292(a), this Court has jurisdiction to review a Veterans Court decision regarding a rule of law or the validity or interpretation of any statute or regulation relied on by the Veterans Court in making that decision. In addition, pursuant to 38 U.S.C. § 7292(c), this Court possesses exclusive jurisdiction "to review and decide any challenge to the validity of any statute or

13

regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." This Court reviews questions of statutory and regulatory interpretation *de novo. Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). In reviewing a Veterans Court decision, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, except to the extent that an appeal from a Veterans Court decision presents a constitutional issue, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

## II. Mr. Clarke Really Seeks Review of the Veterans Court's Determination That Service Connection Based on Chronicity Was Not Reasonably Raised And The Board's Determination That No Chronic Disability Was Shown During Service — Issues That Lie Outside of This Court's Jurisdiction

Although Mr. Clarke characterizes his appeal as asserting legal error on the part of the Veterans Court, his arguments ultimately dispute the Veterans Court's factual finding that the issue of his entitlement to service connection under § 3.303(b) was not reasonably raised before the board. Correctly understood, Mr. Clarke's challenge does not fall within the jurisdiction of this Court.

14

Mr. Clarke alleges that the Veterans Court incorrectly "applied § 3.303(b) when considering whether or not Mr. Clarke was entitled to service connection, a regulation not considered by the board in the first instance." App. Br. at 10. Based upon this allegation, Mr. Clarke argues that the Veterans Court violated the *Chenery* doctrine by ruling on a different ground from that invoked by the board, and by making factual findings in the first instance. *Id.* According to Mr. Clarke, the Veterans Court should have remanded the case to the board to make additional factual findings related to service connection under § 3.303(b). App. Br. at 15.

Mr. Clarke's arguments mischaracterize the Veterans Court decision, which simply denied Mr. Clarke's allegation, at the Veterans Court, that the board erred by failing to discuss or apply § 3.303(b). In fact, the Veterans Court simply determined that the theory of entitlement to service connection based on chronicity under § 3.303(b) was not reasonably raised by the record before the board, and that the board therefore did not err in not "specifically discussing an application of § 3.303(b)." Appx5.

The Veterans Court's determination that the section 3.303(b) service connection theory was not reasonably raised involves a factual determination or an application of law to fact that is beyond this Court's jurisdiction to review.

15

*Robinson II*, 557 F.3d at 1362 (explaining that the Veterans Court determined as a factual matter that the record did not raise an issue of direct service connection and that factual determinations of the Veterans Court are beyond this Court's jurisdiction); *see also Griffin v. Shinseki*, 494 Fed. Appx. 76, 77-78 (Fed. Cir. 2012) (unpublished) (citing 38 U.S.C. § 7292(d)(2)); *Smith v. Shinseki*, 422 Fed. Appx. 888, 890 (Fed. Cir. 2011) (unpublished).

Although the Veterans Court found that service connection under 38 C.F.R. § 3.303(b) was not reasonably raised and the board therefore was not required to make findings of fact on that issue, we also note that the board had already made factual findings relevant to application of section 3.303(b). Contrary to Mr. Clarke's assertions, *see, e.g.*, App. Br. at 13, the board reviewed Mr. Clarke's service treatment records and found that his in-service injuries resolved with no residual disability and that the record showed "no chronic right ankle or left great toe disability during service." JA63. The applicability of 38 C.F.R. § 3.303(b) turns on the factual determination of whether a chronic disease was shown during service, and review of that finding is also not within this Court's appellate jurisdiction. 38 U.S.C. § 7292(d)(2); *Hite v. Shinseki*, 362 Fed. Appx. 145, 147 (Fed. Cir. 2010) (unpublished); *see also Washington v. McDonald*, 575 Fed. Appx.

16

892, 895 (Fed. Cir. 2014) (explaining this Court does not have jurisdiction to review Veterans Court's application of 38 C.F.R. § 3.303(b) to the facts of the case) (unpublished).

### III. Mr. Clarke Fails To Demonstrate Any Reversible Legal Error By The Veterans Court

Mr. Clarke's argument is premised on his misunderstanding of the Veterans Court's role in evaluating whether the board erred by failing to address a reasonably raised theory of entitlement. This Court has recognized that the board does not need to address all possible theories and that the Veterans Court may properly determine, as a factual matter and based on the evidence of record, whether the board erred in failing to address a reasonably raised theory.

Mr. Clarke seems to suggest that when a claimant alleges before the Veterans Court that the board failed to consider a reasonably raised theory of entitlement, the Veterans Court must remand the case to the board for it to adjudicate the claim based on that theory in the first instance unless the board already specifically explained in its decision why the theory was not reasonably raised. *See* App. Br. at 13-14. Mr. Clarke also seems to suggest that the Veterans Court cannot review the record when evaluating an appellant's assertion that the board failed to address a reasonably raised theory. *See* App. Br. at 14-15. Under

17

this theory, an appellant could obtain an automatic remand simply by pointing to evidence in the record and asserting that it raised a theory of entitlement not addressed by the board. As long as the board had not explicitly addressed that evidence, and regardless of whether the evidence actually raised a different theory or even comported with appellant's characterization of the evidence,[5] Mr. Clarke seems to suggest that the Veterans Court would be required to remand the case to the board. This is not the law, nor should it be.

The Veterans Court has jurisdiction to determine whether the board erred by failing to address a reasonably raised theory. *See, e.g.*, *Robinson II*, 557 F.3d at 1361; *Robinson I*, 21 Vet. App. at 551. That jurisdiction would be meaningless if it did not include the ability to review the record to determine whether an appellant's argument that the board failed to address a reasonably raised theory had merit. The board's role as a non-adversarial adjudicator "does not require the [b]oard to assume the impossible task of inventing and rejecting every conceivable

---

[5]  *Compare* JA32 (appellant's brief before the Veterans Court ("While in service, a doctor evaluating Mr. Clarke requested a consultation of 'metatarsal proximal part arthritis.'")), *with* JA335 (July 1967 consultation sheet stating reason for request as "fx of metatarsal proximal part ? arthritis").

argument in order to produce a valid decision." *Robinson I*, 21 Vet. App. at 553.

Just as the board is not required to "consider 'all possible' substantive theories of

recovery," it cannot reasonably be expected to explain why each possible

substantive theory of recovery is not reasonably raised by the record. *Robinson II*,

557 F.3d at 1361.[6]  "The question of the precise location of the line between the

issues fairly raised by the appellant's pleadings and the record and those that are

not must be based on the record in the case at hand; therefore, it is an essentially

factual question." *Robinson I*, 21 Vet. App. at 553.  In fact, the Veterans Court is

required to review the record when determining whether an appellant's argument

regarding board error has merit, including arguments that the board failed to

address a reasonably raised theory.  *See* 38 U.S.C. §§ 7252(b) ("Review in the

---

[6]  To the extent Mr. Clarke suggests that the board did not consider his service treatment records, including the July 1967 orthopedic consultation request, *see* App. Br. at 13 (the board "did not properly consider Mr. Clarke's STRs"), the board noted that it had "reviewed all of the evidence of record." JA59. Regardless, there is a presumption that the board considered all of the evidence of record and the fact that it was not specifically mentioned in the board's decision is insufficient to overcome this presumption. *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007).  Moreover, the board clearly considered the evidence, as it noted in its decision that the service treatment records showed that Mr. Clarke was treated for a right ankle sprain after falling from a horizontal bar and that x-rays were negative.  JA61.

Court shall be on the record of proceedings before the Secretary and the Board."),

7261(b) ("In making determinations under [38 U.S.C. § 7261(a)], the Court shall

review the record of proceedings before the Secretary and the Board of Veterans'

Appeals . . . ."); *see also Robinson II*, 557 F.3d at 1362 (noting that the Veterans

Court "found as a factual matter that the record did not raise any issue of direct

service connection"). To require otherwise would turn the Veterans Court into "a

mere procedural reset button where any appellant could obtain unlimited remands"

simply by arguing a different theory had been reasonably raised by the record

before the board. *Robinson I*, 21 Vet. App. at 558 (quoting *Bonhomme v.

Nicholson*, 21 Vet. App. 40, 44 (2007)). Additionally, an appellant such as

Mr. Clarke remains free to raise a different theory in an attempt to reopen a claim

for service connection. *Id.*; *see also* 38 U.S.C. § 5108.

## IV.    The Veterans Court Did Not Violate The *Chenery* Doctrine

Contrary to Mr. Clarke's assertion, *see* App. Br. 11-14, the Veterans Court

did not affirm on different grounds than the board decision, and the *Chenery*

doctrine is not implicated in this case. Rather, in addressing the arguments

Mr. Clarke asserted before the Veterans Court, the Veterans Court determined that

the board did not err by not discussing service connection based on chronicity

under § 3.303(b) because that theory of entitlement was not reasonably raised by the record before the board.  Appx5.

The *Chenery* doctrine provides that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."  *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943).  This Court has recognized that the board is not required to address all possible theories and that the Veterans Court has jurisdiction to address arguments that the board failed to address a reasonably raised theory.  *Robinson II*, 557 F.3d 1361-62 (affirming Veterans Court's decision finding that the record did not raise an issue of direct service connection and therefore board was not required to discuss that theory).  It follows from *Robinson II* that whether a particular theory of entitlement was reasonably raised by the record before the board is not the type of determination that VA alone is authorized to make or is at least not the type of determination that the board is required to explain in every case.  *See* 557 F.3d at 1361 ("Where a fully developed record is presented to the Board with no evidentiary support for a particular theory of

recovery, there is no reason for the Board to address or consider such a theory.").[7]
A board decision that does not address a particular theory includes an implicit determination that the theory was not reasonably raised, a factual determination that the Veterans Court reviews for clear error. *Robinson I*, 21 Vet. App. at 555-56.[8]  The *Chenery* doctrine is therefore not implicated when the Veterans Court determines that a particular theory of entitlement was not reasonably raised before the board and that the board did not err in not addressing the theory.

The cases relied on by Mr. Clarke do not support his argument.  In *Mayfield*, the board's decision that the notice provisions of the Veterans Claims Assistance Act were satisfied was based on an incorrect understanding of the law.  *Mayfield v. Nicholson*, 444 F.3d 1328, 1334 (Fed. Cir. 2006).  The Veterans Court affirmed,

---

[7]  Although this Court in *Robinson II* did not discuss *Chenery*, amicus had argued that the Veterans Court had violated the *Chenery* doctrine.  Brief for National Organization of Veterans Advocates, Inc. as Amicus Curiae supporting Appellant, *Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2008) (No. 2008-7095), 2008 U.S. Fed. Cir. Briefs LEXIS 537, at *22-25.

[8]  When explaining that direct service connection was not raised by the record, the Veterans Court explained that "[i]t is impractical to require the Board to explicitly mention every prior medical record noting any type of symptom and state that there is no evidence that the symptom is directly connected to the current condition."  *Robinson I*, 21 Vet. App. at 555.  Rather, the Veterans Court "must presume that the Board considered [the] evidence and found it too scant to warrant comment," and if that conclusion is not clearly erroneous, must affirm.  *Id.* at 556.

but based its determination on a notification letter that was not addressed in the board decision. *Id.* This Court reversed and remanded, explaining that the Veterans Court should have remanded the case to the board, noting that "the result under the correct understanding of the law is not a foreordained conclusion." *Id.* Similarly, in *Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000), this Court directed the Veterans Court to remand the case to the board to reevaluate whether the veteran had stated a well-grounded claim where the board had previously applied an erroneous principle of law in finding the veteran's claim not well grounded. The Court observed that "[s]ince the ground given by the [board] for its decision led it to an erroneous conclusion and consequently to an insufficient factual development of the record, its decision could not be affirmed." *Hensley*, 212 F.3d at 1264.

Here, the board did not base its determination on an erroneous understanding of the law, and Mr. Clarke does not argue otherwise.[9] Rather, Mr. Clarke argued

---

[9] Mr. Clarke did argue before the Veterans Court that the board failed to ensure substantial compliance with a prior board remand, that it provided inadequate reasons or bases, and that it failed to give sufficient weight to his and his family members' lay statements. JA4. He does not repeat those arguments before this Court.

23

that the board erred by failing to address service connection based on chronicity under 38 C.F.R. § 3.303(b). Appx4, Appx31-33. The Veterans Court considered this argument and determined that the board did not err by not "specifically discussing an application of § 3.303(b)." Appx5.

Unlike in *Mayfield* and *Hensley*, the board did not fail to make any required findings of fact. First, because the Veterans Court found that the theory of entitlement under § 3.303(b) was not reasonably raised before the board, Appx5, the board was not required to make findings of fact with respect to that theory. *Robinson II*, 557 F.3d at 1361. Furthermore, contrary to Mr. Clarke's assertions, *see, e.g.*, App. Br. at 13, the board reviewed Mr. Clarke's service treatment records and found that his in-service injuries resolved with no residual disability and that the record showed "no chronic right ankle or left great toe disability during service." Appx63. Therefore, the *Chenery* doctrine is inapplicable for the additional reason that the board's underlying findings make it clear that the agency would have reached the same conclusion if it had more fully discussed the legal issue addressed by the Veterans Court. *Fleshman v. West*, 138 F.3d 1429, 1433 (Fed. Cir. 1998).

24

Contrary to Mr. Clarke's assertion, *see* App. Br. at 14-15, the Veterans Court did not review the board's service connection determination *de novo* or engage in impermissible fact finding in the first instance. Rather, the Veterans Court appropriately evaluated whether the record supported Mr. Clarke's assertion that the board erred by failing to address a reasonably raised theory of entitlement to service connection, i.e., service connection based on chronicity under 38 C.F.R. § 3.303(b). Appx4-5; *see* 38 U.S.C. §§ 7252(b) ("Review in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board."), 7261(b). Had the Veterans Court determined that the § 3.303(b) theory was reasonably raised by the record and the board erred by not addressing it, it would have been appropriate, absent a determination that the error was harmless, for the Veterans Court to remand the case to the board for further development and application of the correct law. *Byron*, 670 F.3d at 1205 (when the board misinterprets the law and fails to make the relevant initial factual findings, the proper course is to remand (citing *Hensley*, 212 F.3d at 1264)). In this case, however, the Veterans Court determined that the § 3.303(b) theory was not reasonably raised by the record and therefore the board did not err by not

specifically discussing that theory.  Appx4-5.[10]  As discussed above, that

determination by the Veterans Court involves an issue of fact or application of law

to fact and is therefore outside of this Court's jurisdiction to review.

The factual findings Mr. Clarke asserts the Veterans Court made in the first

instance are consistent with findings previously made by the regional office and

the board.  The Veterans Court's interpretation of the question mark in the

orthopedic consultation request, Appx5, is similar to the regional office's

interpretation of that same document, Appx179 ("questionable fracture . . . and

arthritis").[11]  The Veterans Court's treatment of the negative x-ray in service,

---

[10]  To the extent the Veterans Court's decision could be read as determining that any error in not specifically discussing § 3.303(b) was harmless because that section did not apply due to Mr. Clarke's failure to demonstrate record evidence that he had arthritis in service, *see* JA5, this Court has held that the Veterans Court is not limited to the facts found by the board, but is required to consider the record, when determining whether an error is prejudicial.  *Newhouse v. Nicholson*, 497 F.3d 1298, 1301-02 (Fed. Cir. 2007).  Additionally, "[a] determination of whether a VA error is prejudicial or harmless is not 'a determination or judgment which [VA] alone is authorized to make,'" and the *Chenery* doctrine is therefore not implicated.  *Id.* (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (alteration in original)).

[11]  Contrary to Mr. Clarke's assertion, the regional office did not "admit[]" that he was diagnosed with arthritis in service.  App. Br. at 16.  Rather, the regional office noted that Mr. Clarke was seen in service for "questionable fracture of metatarsal proximal part and arthritis."  JA 179.  The regional office then

26

Appx5, is consistent with the analysis previously provided by the board and the

regional office.  Like the Veterans Court, the board discussed the negative in-

service x-rays, as well as the VA examiner's analysis of the x-rays, in conjunction

with its determination that "[t]he record shows no chronic right ankle or left great

toe disability during service."  Appx63 (finding discrepancy between post-service

and in-service x-rays "highly significant" and explaining that it was noted in the

VA examiner's opinion); *see also* Appx61 (x-rays in service were negative),

Appx180 (regional office explaining x-rays during service were negative and in-

service conditions resolved).  Contrary to Mr. Clarke's assertion, *see* App. Br. at

20, it is not foreseeable that the board could reach a different result, as the board

---

explained:

> While you contend fracture and arthritis during service,
> x-rays during service were negative.  Although you were
> treated for right ankle sprain and injury to left great toe,
> these conditions resolved as exams done in July 1967
> were normal and you reported no symptoms involving
> either your right ankle or left great toe. . . .  As the
> evidence fails to show any chronic disabilities during
> service or related to service, service connection remains
> denied . . . .

JA180.

already considered 38 C.F.R. § 3.303(b) and found that no chronic disabilities were

shown during service.  Appx60, Appx63.

In sum, Mr. Clarke has failed to demonstrate legal error in the Veterans

Court's decision, *Chenery* is not implicated in this case, and the Veterans Court did

not engage in impermissible fact finding.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the

appeal for lack of jurisdiction or, in the alternative, affirm the decision below.


Respectfully submitted,


CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

Of Counsel:                          /s/ Martin F. Hockey, Jr.
                                     MARTIN F. HOCKEY, JR.
Y. KEN LEE                           Deputy Director
Deputy Chief Counsel


                                     /s/ Eric J. Singley
SAMANTHA A. SYVERSON                 ERIC J. SINGLEY
Attorney                             Trial Attorney
Department of Veterans Affairs       Commercial Litigation Branch

28

810 Vermont Avenue, NW                    Civil Division, Department of Justice
Washington, DC 20420                      P.O. Box 480, Ben Franklin Station
                                          Washington, DC 20044
                                          Telephone: (202) 616-1273

February 28, 2017                         Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of February, 2017, a copy of the foregoing "CORRECTED BRIEF FOR RESPONDENT-APPELLEE" was filed electronically. This filing was served electronically to all parties by operation of the Court's electronic filing system.


/s/ Eric J. Singley