No. 2016-2420

# United States Court of Appeals
# For the Federal Circuit

JACK LEON CLARKE,

    *Appellant*,

v.

DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,

    *Appellee*.

*Appeal from the United States Court of Appeals for Veterans Claims in Case No. 14-2699*

**REPLY BRIEF OF VETERAN-APPELLANT JACK LEON CLARKE**

    REBECCA HARKER DUTTRY
    JOSHUA DAVID ROGACZEWSKI
    MCDERMOTT WILL & EMERY LLP
    500 North Capitol Street, N.W.
    Washington, D.C.  20001
    (202) 756-8000

    *Attorneys for Appellant Jack Leon Clarke*

# CERTIFICATE OF INTEREST

Counsel for the Appellant Jack Leon Clarke certifies the following:

1. **The full name of every party or amicus represented by me is:**

    Jack Leon Clarke

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

    None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

    None.

4. **The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:**

    McDermott Will & Emery LLP:  Rebecca Harker Duttry and Joshua David Rogaczewski

/s/ *Rebecca Harker Duttry*
Rebecca Harker Duttry
McDermott Will & Emery LLP
*Attorney for Appellant*

# TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................1

ARGUMENT .................................................................................................................2

I. THE FEDERAL CIRCUIT HAS JURISDICTION TO REVIEW WHETHER THE VETERANS COURT ACTED OUTSIDE THE SCOPE OF ITS AUTHORITY ...................................................................2

II. MR. CLARKE CHALLENGES THE VETERANS COURT'S LEGAL ERROR OF SUSTAINING THE BOARD'S DETERMINATION OF NO SERVICE CONNECTION ON ENTIRELY DIFFERENT GROUNDS THAN THE BOARD'S DECISION ...................................................................................................4

III. THE VETERANS COURT COMMITTED LEGAL ERROR WHEN IT EXCEEDED ITS STATUTORY AUTHORITY BY MAKING FACTUAL FINDINGS IN THE FIRST INSTANCE ..................................10

IV. THE VETERANS COURT'S USE OF ITS OWN FACTUAL FINDINGS TO RENDER ITS DECISION IS NOT HARMLESS ERROR ...........................................................................................................13

CONCLUSION ...........................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hensley v. West*,
  212 F.3d 1255 (Fed. Cir. 2000) .................................................................7, 8, 11

*Mayfield v. Nicholson*,
  444 F.3d 1328 (Fed. Cir. 2006) ...........................................................................5

*McCarthy v. Merit Sys. Prot. Bd.*,
  809 F.3d 1365 (Fed. Cir. 2016) ...........................................................................4

*Robinson v. Peake*,
  21 Vet. App. 545 (2008) ..................................................................................6, 7

*Robinson v. Shinseki*,
  557 F.3d 1355 (Fed. Cir. 2009) .......................................................................6, 9

*SEC v. Chenery Corp.*,
  332 U.S. 194 (1947) ........................................................................................4, 10

**Statutes**

38 U.S.C. § 7292 ........................................................................................................4

38 U.S.C. § 7292(a) ...............................................................................................3, 4

**Rules**

38 C.F.R. § 3.303(b) ........................................................................................*passim*

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Veterans Court committed two legal errors in its review of the Board decision. First, the Veterans Court sustained the Board's determination of no service connection on entirely different grounds than the Board. Second, the Veterans Court made factual findings in the first instance and relied on those findings, rather than the closed record, to render its decision.

Attempting to sweep these issues under the rug, the Secretary's brief blurs the lines between issues of fact and law. The Secretary recasts Mr. Clarke's argument as a dispute relating to the Veterans Court's factual finding that the issue of his entitlement to service connection under 38 C.F.R. § 3.303(b) was not reasonably raised before the Board. The Secretary argues the case should be dismissed for lack of jurisdiction because it seeks review of the Veterans Court's factual findings and does not raise a legal issue within this Court's jurisdiction

No matter how the Secretary attempts to frame what the Veterans Court did below, however, it cannot avoid the procedurally impermissible factual findings the Veterans Court relied upon in reaching its decision. Though Mr. Clarke agrees that the Veterans Court has the authority to review the record below and to apply the facts in the record to the relevant law to reach its decision, this review does not permit the Veterans Court to expand the record before it by making additional factual findings.

The Veterans Court's actions have put Mr. Clarke in an impossible position. These improvident factual findings are not a part of the record and, jurisdictionally, Mr. Clarke is unable to challenge these findings on appeal to this Court. Mr. Clarke can, and does, challenge whether the Veterans Court acted outside of its authority in reaching its decision. Specifically, Mr. Clarke challenges the Veterans Court's finding that § 3.303(b) does not apply in this case, a determination that the Board did not reach in its decision and is not immediately apparent from the factual record as it was presented to the Veterans Court. Mr. Clarke also challenges the Veterans Court's ability to make factual findings in the first instance in order to support its decision that § 3.303(b) does not apply in this case. Both of these challenges seek a review of whether the Veterans Court acted outside of its authority in making its decision, not a review of the content of the Veterans Court's decision. These are legal challenges, well within this Court's jurisdiction.

## ARGUMENT

### I. THE FEDERAL CIRCUIT HAS JURISDICTION TO REVIEW WHETHER THE VETERANS COURT ACTED OUTSIDE THE SCOPE OF ITS AUTHORITY

The Secretary misconstrues Mr. Clarke's challenge in this case to urge dismissal without reaching the merits. Brief for Respondent-Appellee ("Sec'y Br.") at 14. Although he disagrees with them, Mr. Clarke is not challenging the content of the factual findings made by the Veterans Court. That is, Mr. Clarke is

2

not asking the Court to set aside these facts as unsupported by the record; he asks the Court to set them aside because the Veterans Court erred in making *any* factual findings. More precisely, Mr. Clarke is asking the Court to review the Veterans Court's authority to apply 38 C.F.R. § 3.303(b) in the first instance, when it was not applied by the Board below, and to review the Veterans Court's authority to make initial factual findings in support of its decisions.

No matter how the Secretary characterizes the Veterans Court's decision—either as a review of whether or not § 3.303(b) was properly raised by the record before the Board or as an application of § 3.303(b) in the first instance—Mr. Clarke's challenge to the Veterans Court's authority is a legal question over which this Court has jurisdiction pursuant to 38 U.S.C. § 7292(a). Similarly, Mr. Clarke's challenge to the Veterans Court's initial factual findings does not challenge the content of the findings made by the Veterans Court, but rather challenges the Veterans Court's authority for making factual findings in the first instance. A question of whether or not the Veterans Court acted outside of its authority is a legal question requiring an interpretation of the scope of the Veterans Court's review powers, a question properly before this Court. 38 U.S.C. § 7292(a).

## II. MR. CLARKE CHALLENGES THE VETERANS COURT'S LEGAL ERROR OF SUSTAINING THE BOARD'S DETERMINATION OF NO SERVICE CONNECTION ON ENTIRELY DIFFERENT GROUNDS THAN THE BOARD'S DECISION

In an effort to avoid jurisdiction in this matter, the Secretary creates the illusion that Mr. Clarke seeks a factual finding by this Court. Not so. Mr. Clarke disagrees with but does not (because he cannot under 38 U.S.C. § 7292) challenge the Veterans Court's factual determinations in this appeal. Instead, Mr. Clarke challenges the authority for the Veterans Court's decision because it goes beyond the scope of the Board's decision. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must just the propriety of such action solely by the grounds invoked by the agency). Whether or not the Veterans Court acted outside of its statutory authority by making a decision based on grounds not invoked by the Board is a legal determination, properly before this Court. *See McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 373 (Fed. Cir. 2016) (reviewing Veterans Court's decision to determine whether the Veterans Court relied on grounds other than those relied upon by the Board); 38 U.S.C. § 7292(a). As explained below (and in Mr. Clarke's opening brief), the Veterans Court erred for four reasons: (1) the Veterans Court made a determination on service connection under § 3.303(b) based on evidence not considered by the Board below, (2) the Veterans Court disregarded the plain evidence of the in-service arthritis

4

diagnosis, (3) the Veterans Court ignored controlling precedent, and (4) the Veterans Court applied a regulatory provision that was not applied by the Board below to reach its decision.

First, contrary to the Secretary's argument, the Veterans Court did not simply make a determination as to whether or not service connection under 38 C.F.R. § 3.303(b) was raised based on the factual record before the Board. Sec'y Br. at 15. The Veterans Court determined that Mr. Clarke was not entitled to service connection under § 3.303(b) because he "fail[ed] to demonstrate record evidence that he had arthritis in service." This finding was not made by the Board. The Board instead mentioned § 3.303(b) in passing in the beginning of its decision but did not apply this regulation to the record evidence, failing to even consider the evidence of Mr. Clarke's in-service arthritis diagnosis. [*See* Appx60, Appx63 (failing to discuss the in-service diagnosis of arthritis).] The Secretary fails to show where the Board considered evidence of Mr. Clarke's in-service arthritis diagnosis, a fact relied upon by the Veterans Court in its decision. That is not surprising because the Board did not consider this evidence.

Although the Secretary contends otherwise, *Mayfield* supports Mr. Clarke. In *Mayfield*, this Court found it was improper for the Veterans Court to base its decision on evidence not relied upon by the Board below. *Mayfield v. Nicholson*, 444 F.3d 1328, 1334 (Fed. Cir. 2006). That is precisely the error the Veterans

5

Court committed in this case—applying a regulatory provision not considered by the Board using facts that were not considered by the Board.

Second, the Veterans Court erred in disregarding the plain evidence of the in-service arthritis diagnosis in this case. The Secretary suggests Mr. Clarke's position on appeal would require the Board to investigate *all possible* theories raised in the record, but this is a red herring. Sec'y Br. at 17. Indeed, it misstates Mr. Clarke's position. Mr. Clarke agrees the Board is not required to discuss *all* of the evidence of record but rather the Board must discuss the *relevant* evidence. *See Robinson v. Peake*, 21 Vet. App. 545, 551 (2008) ("*Robinson I*") ("Board commits error only in failing to discuss a theory of entitlement that was raised either by the appellant or by the evidence of record"); *Robinson v. Shinseki*, 557 F.3d 1355, 1359, 1360-61 (Fed. Cir. 2009) ("*Robinson II*") (holding that the Board must read all filings by counsel in the direct appeal phase of proceedings before the Board liberally). The in-service arthritis diagnosis is unquestionably relevant evidence. *See* 38 C.F.R. § 3.303(b).

The Secretary relies heavily on *Robinson I* (*see*, *e.g.*, Sec'y Br. at 18-22) but the case cannot support the weight placed on it by him because it is readily distinguishable. In *Robinson I*, the Veterans Court found the issue of direct service connection was not raised by the record below or by the veteran's briefing. In Mr. Clarke's case, the issue of service connection under § 3.303(b) is raised by both the

record and Mr. Clarke's briefing. The short record before the Board plainly raises the theory of entitlement to service connection under § 3.303(b) based on the in-service diagnosis of arthritis in the service treatment record. [Appx335.] Additionally, unlike the appellant in *Robinson I*, Mr. Clarke *has* pointed to this same evidence in his opening brief, which should have compelled the Board to adjudicate his claim under § 3.303(b).[1] *Compare* Opening Brief of Veteran-Appellant Jack Leon Clarke ("App. Br.") at 6 *with Robinson I*, 21 Vet. App. at 555. The Board erred in failing to discuss that theory. *Robinson I*, 21 Vet. App. at 551. The Veterans Court cannot remedy this failure by making initial fact findings related to the in-service arthritis diagnosis to determine that § 3.303(b) does not apply. *Hensley v. West*, 212 F.3d 1255, 1264 (Fed. Cir. 2000).

Third, the Veterans Court ignored this Court's opinion in *Hensley*, which Mr. Clarke contends controls this case.[2] In *Hensley*, the Board found Mr.

---

[1] This case is further distinguishable from *Robinson I* in which the same counsel represented the appellant at the Board for six years and raised the theory of entitlement to service connection on a direct basis for the first time in the *reply* brief on appeal to the Veterans Court. *Id*. at 554-55. In this case, counsel of record did not represent Mr. Clarke before the Board (Mr. Clarke was represented by the American Legion in his case before the Board). Mr. Clarke's theory of entitlement to service connection pursuant to § 3.303(b) was presented to the Veterans Court in Mr. Clarke's *opening* brief, the first opportunity counsel of record had to present arguments. [*See, e.g.,* Appx25-26.]

[2] The Secretary attempts to distinguish *Hensley*, pointing out that this Court in *Hensley* directed the Veterans Court to remand the case to the Board because the Board had previously applied an erroneous principle of law in finding the veteran's

(continued…)

7

Hensley's claim was not well grounded because heart disease was not listed in the relevant statutory provision as a disease presumptively linked to exposure to mustard gas or Lewisite. 212 F.3d at 1264. Thus, the Board concluded heart disease could not be linked to exposure to the gas and did not consider the surrounding facts or the merits of the case that they might support. *Id*. This Court correctly recognized that this determination was erroneous because the statutory provision does not preclude establishing causation for other conditions. However, instead of remanding the case to the Board for further development and application of the appropriate law, the Veterans Court dissected the factual record in detail and made several factual findings in the first instance. *Id*. at 1264-65. This Court found the *de novo* fact finding by the Veterans Court improper, vacating and remanding the case to be remanded to the Board to reevaluate whether Mr. Hensley has stated a well-grounded claim, applying the correct law and standard.

Likewise, in the present case, the Board did not consider the facts or merits of the case that might support an application of 38 C.F.R. § 3.303(b) after incorrectly noting there was no evidence of an in-service chronic condition in the record. [Appx63.] Instead of remanding the case to the Board to evaluate whether § 3.303(b) applies, the Veterans Court's made additional factual findings to cover

---

claim was not well grounded. Sec'y Br. at 223. This is precisely what the Board did in the present case—failed to apply the proper regulatory provision to the facts
(continued…)

8

ground the Board failed to cover on its own and conducted an independent analysis of § 3.303(b). The Veterans Court ultimately based its decision, at least in part, on its own application of § 3.303(b) in the first instance. This was legal error.

Finally, the Veterans Court invited error and this Court's review when it embarked on its own to apply § 3.303(b). Accordingly, *Robinson II*, on which the Secretary relies (*see*, *e.g.*, Sec'y Br. at 21-22), does not apply here. In *Robinson II*, the Veterans Court limited its review to the record below when determining that the issue of direct service connection was not raised by the record. 557 F.3d at 1361. In this case, the Veterans Court did not limit its review in that way. Instead, because the Veterans Court could not determine whether or not § 3.303(b) was properly raised in the record below without making additional factual findings, the Veterans Court's decision included the application new factual findings not present in the record below. The question of whether this action exceeds the Veterans Court's authority is a legal issue within the jurisdiction of this Court. Because the Veterans Court exceeded its authority by applying § 3.303(b) in the first instance, this case should be vacated and remanded with instructions for the Veterans Court

---

of the case.

to remand the case to the Board for a proper consideration of § 3.303(b). *Chenery*, 332 U.S. at 196.[3]

## III. THE VETERANS COURT COMMITTED LEGAL ERROR WHEN IT EXCEEDED ITS AUTHORITY BY MAKING FACTUAL FINDINGS IN THE FIRST INSTANCE

As discussed, the Veterans Court did not simply "review[] the record to determine whether it supports Mr. Clarke's allegation of error." Sec'y Br. at 13. Instead, because the Board did not make the factual findings necessary to determine whether or not § 3.303(b) applies in the instant case, the Veterans Court made these factual findings in the first instance to reach its decision that § 3.303(b) does not apply. This is improper and the Court has jurisdiction to review this legal issue.[4] 38 U.S.C. § 7292(a).

The Veterans Court erred by making two factual findings to support its decision: (1) interpreting the meaning of the arthritis diagnosis in the service treatment record and (2) interpreting the meaning of the negative x-ray in the service treatment record. These findings were not in the record before the

---

[3] On remand to the Board, Mr. Clarke expects to provide evidence that would require application of § 3.303(b).

[4] Even if the Veterans Court was analyzing whether the in-service diagnosis was reasonably raised by the record below, instead of applying § 3.303(b) in the first instance, the Veterans Court's decision was still error because it was not based solely on the record below but was based on new factual findings not present in the record below.

Veterans Court because neither the Board nor the Regional Office considered this evidence to determine the applicability of § 3.303(b).

Mr. Clarke does not dispute the Veterans Court's "ability to review the record to determine whether an appellant's argument that the board failed to address a reasonably raised theory has merit." Sec'y Br. at 18. However, this review is limited to the record below. The Veterans Court cannot make factual findings in the first instance to support its decision. *See Hensley*, 212 F.3d at 1263 (finding the Veterans Court improperly reviewed the Board's determination of well-groundedness *de novo*, making several factual findings that should have been made by the Board in the first instance). Thus, the Veterans Court erred by relying on its own factual findings that should properly be made by the Board in the first instance to evaluate whether § 3.303(b) applies in this case.

Specifically, the Veterans Court found that Mr. Clarke failed to demonstrate evidence that he had arthritis in service. The court found the service treatment record reflects that "the examiner was seeking an analysis because he was not sure whether Mr. Clarke had 'metatarsal proximal part arthritis,' as reflected by the question mark associated with this request." [Appx5.] To demonstrate that this finding came from the record below, the Secretary points to findings made by the *Veterans Court* related to the meaning of the service treatment record. Sec'y Br. at 11, 25-26. The Secretary provides no citation to the *Board decision* to further

support this finding. *Id.* That is because the Board did not make this finding below. The Board did not even mention this diagnosis. The service treatment records note a consultation on an arthritis diagnosis in-service but never comment on whether or not the arthritis had resolved by the time Mr. Clarke left service. *Compare* [Appx335-336] *with* Sec'y Br. at 11-12. The Veterans Court's analysis is improper because it interprets the meaning of the question mark in the service treatment record. [Appx5.] This is a factual finding that is not obvious based on a plain reading of the service treatment record. The question mark could just as easily indicate a question regarding the type of arthritis Mr. Clarke is being diagnosed with as to indicate a question regarding whether Mr. Clarke is being diagnosed with arthritis at all. *See* App. Br. at 16.

Similarly, the Veterans Court found the negative x-rays Mr. Clarke received upon leaving service are evidence that he did not have arthritis in service. [Appx5.] This finding was also not made by the Board. Indeed, the Board made no findings related to the meaning of the negative x-ray. The service treatment records provide that Mr. Clarke reported no pain on the day he left service and that his x-rays were negative, but the records draw no additional conclusions from this evidence. [Appx277-278.] The conclusion that Mr. Clarke's arthritis diagnosis had resolved itself is not evident from the face of the record. *See* App. Br. at 16-17. Moreover, the Veterans Court is not the proper body to make this factual

12

finding; fact-finding is the province of the Board. The Secretary fails to point to a place in the record that the Board made these findings. Instead, the Secretary points to the Board's broad discussion of the existence of § 3.303(b) (Sec'y Br. 27-28) and a conclusory statement regarding the existence of a chronic right ankle disability (Sec'y Br. at 16). The Secretary's inability to identify these findings in the record below demonstrates that the Veterans Court did not limit itself to the record below in reaching its decision. Sec'y Br. at 25.

Neither the Secretary nor the Veterans Court is the proper party to determine whether a chronic disease was shown during service. Mr. Clarke does not ask this Court to make those findings either. Instead, Mr. Clarke requests a remand to the Veterans Court with instructions for a remand to the Board to make the necessary factual findings to determine whether § 3.303(b) applies in this case.

**IV. THE VETERANS COURT'S USE OF ITS OWN FACTUAL FINDINGS TO RENDER ITS DECISION IS NOT HARMLESS ERROR**

As Mr. Clarke explained in his opening brief, the procedurally improper factual findings by the Veterans Court are not harmless errors. App. Br. at 19-20. These findings were made during the appeal from the Board decision and now, at the Federal Circuit, Mr. Clarke is stuck with these facts and cannot challenge them. Because the current factual record is incomplete and insufficient to reach a

conclusion as to whether or not § 3.303(b) should be applied, this case should be remanded to the Board for the necessary factual determinations.[5]

## CONCLUSION

For the foregoing reasons, Mr. Clarke respectfully requests this Court vacate the Veterans Court's decision and remand the case to the Veterans Court, with instructions for the Veterans Court to remand the case to the Board for consideration of § 3.303(b) and full development of the factual record.

Dated: March 24, 2017

/s/ *Rebecca Harker Duttry*
Rebecca Harker Duttry
Joshua David Rogaczewski
McDermott Will & Emery LLP
500 N. Capitol Street, N.W.
Washington, DC  20001
Tel: (202) 756-8000
Fax: (202) 756-8087
rduttry@mwe.com
jrogaczewski@mwe.com

*Attorneys for Veteran-Appellant Jack Leon Clarke*

---

[5] The Secretary suggests that Mr. Clarke is free to raise a different theory in an attempt to reopen a claim for service connection.  Sec'y Br. at 20.  Mr. Clarke should not be required to restart his claim for service connection merely because the Board failed to do its job in the first instance and the Veterans Court and Secretary are resisting a remand to correct this error.  This theory was adequately raised in the record below and should be addressed promptly on remand.

## PROOF OF SERVICE

I hereby certify that the foregoing **Reply Brief of Veteran-Appellant Jack Leon Clarke**, was filed on March 24, 2017, using the Court's Electronic Case Filing system, which automatically generates and sends by email a Notice of Docket Activity to all registered attorneys participating in this case.

/s/Rebecca Harker Duttry  
Rebecca Harker Duttry

# CERTIFICATE OF COMPLIANCE WITH TYPE–VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.  This brief complies with the type–volume limitation of 3,466 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule of Appellate Procedure 32(b).

2.  This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word (version 14.0.7172.5000 (32-bit)) with 14-point Times New Roman.

Dated: March 24, 2017

/s/Rebecca Harker Duttry
Rebecca Harker Duttry
*Counsel to Appellant*